IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 9:23-cv-523-BHH |
| | ) |
| v. | ) |
| | ) |
| DEBRA C. LAURICH, individually and as Personal Representative of the ESTATE OF EUGENE J. LAURICH, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States complains and alleges as follows:

1. The United States brings this action to (1) obtain a judgment for the unpaid federal income tax liabilities assessed against the Decedent, Eugene J. Laurich; (2) obtain a judgment for the unpaid Trust Fund Recovery Penalties ("TFRPs") assessed against Eugene J. Laurich; (3) obtain a judgment against Defendant Debra C. Laurich under 31 U.S.C. § 3713(b); and (4) obtain a judgment against Mrs. Laurich under S.C. Code Ann. § 62-3-703.

2. Pursuant to 26 U.S.C. § 7401, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action. This action is brought at the direction of a delegate of the United States Attorney General under the authority of 26 U.S.C. § 7401.

### Jurisdiction and Venue

3. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1396 because Mrs. Laurich resides in this district and the Estate is being probated in Beaufort County, South Carolina.

### Background

5. Eugene D. Laurich ("Decedent") died on February 15, 2012.

6. A probate case for the Estate of Eugene D. Laurich ("Estate") was opened in Beaufort County, South Carolina. The case is pending. *See* Case No. 2012-ES-0700223.

7. Debra C. Laurich was the Decedent's wife and was named Personal Representative of the Estate. Mrs. Laurich is named as a Defendant both in her individual capacity and in her capacity as Personal Representative.

### COUNT I: Judgment for Eugene Laurich's Federal Income Tax Liabilities

8. The Decedent filed federal individual income tax returns for 2007 and 2008. On each return, he reported a tax liability, but failed to pay the full amount of the tax he reported due.

9. A delegate of the Secretary of the Treasury assessed against the Decedent the tax he reported, plus interest and statutory additions. The table below summarizes the income tax liabilities at issue:

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance as of December 16, 2022 |
|---|---|---|---|---|
| 2007 | 11/10/2008 | Tax | $100,164.00 | $129,015.53 |
| | | Failure to Pay Estimated Tax IRC § 6654 | $197.00 | |
| | | Failure to Timely Pay Tax IRC § 6651(a)(2) | $3,308.30 | |
| 2008 | 11/23/2009 | Tax | $2,704.00 | $5,417.30 |
| | | Failure to Pay Estimated Tax IRC § 6654 | $87.00 | |
| | | Failure to Timely Pay Tax IRC § 6651(a)(2) | $108.16 | |
| | | | *Total:* | **$134,432.83** |

10. A delegate of the Secretary of the Treasury properly gave notice to the Decedent of the unpaid federal income tax liabilities described in Paragraph 9 and demanded payment as required by law. Despite such notice and demand, neither the Decedent nor Mrs. Laurich, as the Personal Representative of the Estate, paid the above liabilities in full.

11. The period for the United States to collect the above debts remains open pursuant to 26 U.S.C. § 6503(b) because the assets of the taxpayer, the Estate of Eugene J. Laurich, are in control of the Probate Court for Beaufort County, South Carolina. In the alternative, the assets were in the control of the Probate Court from April 26, 2012, to November 16, 2018.

12. The period for the United States to collect the tax debt for 2008 also remains open pursuant to 26 U.S.C. § 6502(a) because the IRS filed a proof of claim for the Decedent's outstanding income tax liabilities in the probate case for the Estate in Beaufort County on August 29, 2019, which was within the 10-year period for collection.

13. The Decedent and Mrs. Laurich filed joint returns for 2007 and 2008. Mrs. Laurich filed a request for innocent spouse relief in September 2012, which the IRS granted. Mrs. Laurich is no longer personally liable for the tax debts for 2007 and 2008.

14. As of December 16, 2022, the balance due for the Decedent's unpaid federal income tax liabilities is **$134,432.83**, plus interest and statutory additions that continue to accrue. The Court should impose a judgment in that amount on Ms. Laurich in her capacity as Personal Representative of the Estate of Eugene Laurich.

## COUNT II – Judgment for TFRPs Assessed Against Eugene Laurich

15. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 7, above.

16. The law firm Laurich Deeb & Wiseman PA ("LDW PA") was organized and incorporated under the laws of South Carolina in 1994.

17. Pursuant to 26 U.S.C. §§ 3102 and 3402, as an employer, LDW PA was required to withhold federal income tax and Federal Insurance Contributions Act ("FICA") taxes, which include Social Security and Medicare taxes, from its employees' wages and pay the withheld taxes ("trust fund taxes") over to the IRS.

18. For the fourth quarter of 2007 and the fourth quarter of 2008 through the first quarter of 2010 ("quarters at issue"), LDW PA failed to pay over to the United States the trust fund taxes it withheld from the wages of its employees.

19. During the quarters at issue, the Decedent was the president of LDW PA.

20. The Decedent signed Form 4180, *Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Taxes*, in which he acknowledged his responsibilities included determining the financial policy for the business, authorizing payments, and hiring or firing employees.

21. The Decedent was responsible for collecting, accounting for, and paying over to the United States the trust fund taxes withheld from the paychecks of LDW PA's employees for the quarters at issue.

22. The Decedent acted willfully in failing to collect, truthfully account for, or pay over to the United States all the trust fund taxes withheld from the wages of LDW PA's employees for the quarters at issue.

23. Persons responsible for collecting, accounting for, or paying over trust fund taxes withheld from employees' wages, who willfully fail to do so, are liable for a penalty in the amount of tax withheld but not paid over. *See* 26 U.S.C. § 6672.

24. A delegate of the Secretary of the Treasury assessed trust fund recovery penalties ("TFRPs") against the Decedent for the quarters at issue. The table below summarizes the assessments.

| Tax Period Ending | Assessment Date | Amount | Balance as of December 16, 2022 |
|---|---|---|---|
| 12/31/2007 | 12/06/2010 | $36,213.48 | $56,871.53 |
| 12/31/2008 | 12/06/2010 | $23,962.90 | $37,593.01 |
| 03/31/2009 | 12/06/2010 | $21,793.79 | $34,190.11 |
| 06/30/2009 | 12/06/2010 | $20,807.80 | $32,643.29 |
| 09/30/2009 | 12/06/2010 | $26,104.44 | $40,952.69 |
| 12/31/2009 | 12/06/2010 | $20,801.48 | $32,633.35 |
| 03/31/2010 | 12/06/2010 | $7,228.26 | $11,339.70 |
| | | *Total*: | $246,223.68 |

25. A delegate of the Secretary of the Treasury properly gave notice to the Decedent of the TFRP assessments, described in Paragraph 24, and demanded payment as required by law. Despite such notice and demand, neither the Decedent nor Mrs. Laurich, as the Personal Representative of the Estate, paid the above liabilities in full.

26. The period for the United States to collect the above TFRPs remains open pursuant to 26 U.S.C. § 6502(a) because the IRS proof of claim filed in the Decedent's probate case included the TFRP liabilities.

27. The period for the United States to collect the above TFRPs also remains open pursuant to 26 U.S.C. § 6503(b) because the assets of the taxpayer, the Estate of Eugene J. Laurich, are in the control of the Probate Court for Beaufort County, SC. In the alternative, the assets were in the control of the Probate Court from April 26, 2012, to November 16, 2018.

28. As of December 16, 2022, the unpaid balance due for the TFRPs assessed against the Decedent is $246,223.68, plus interest and statutory additions that continue to accrue.

## COUNT III – Fiduciary Liability Under 28 U.S.C. § 3713(b)

29. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

30. Under 28 U.S.C. § 3713(b), a representative of a person or an estate paying any part of a debt of the person or estate before paying a claim of the United States is liable to the extent of the payment for unpaid claims of the United States.

31. At the time of his death, the Decedent was the sole owner and officer of the Laurich Law Firm ("LLF").

32. LLF was the successor in interest to the law firms Laurich & Deeb, PA, Laurich & Wiseman, P.A, and Laurich, Deeb & Wiseman, PA.

33. Upon the Decedent's death, his ownership interest in LLF became property of the Estate.

34. LLF was the beneficiary of a life insurance policy from Genworth Financial, Inc. in the amount of about $1,000,882.21 ("Life Insurance Payment").

35. The Life Insurance Payment was property of the Estate because it was payable to LLF, for which the Estate held the sole ownership interest.

36. Mrs. Laurich, as personal representative of the Estate, collected the Life Insurance Payment in April 2012.

37. The IRS had assessed the tax liabilities described in Count I and Count II against the Decedent prior to his death, and they were obligations of the Estate at the time the Life Insurance Payment was made.

38. Mrs. Laurich knew the Decedent had those outstanding federal tax debts owed to the IRS at the time the time LLF received the Life Insurance Payment, and knew that the IRS was attempting to collect those debts.

39. Mrs. Laurich was married to the Decedent and filed joint federal income tax returns with him for 2007 and 2008. In September 2012, Mrs. Laurich filed a request for innocent spouse relief to relieve her personal responsibility to pay those debts, which the IRS granted.

40. The IRS sent correspondence related to the collection of the Decedent's TFRP and income tax liabilities to Mrs. Laurich's residence.

41. On February 17, 2010, Mrs. Laurich signed a Form 433-A, *Collection Information Statement for Wage Earners and Self-Employed Individuals*, which the IRS uses to obtain financial information necessary for determining how a wage earner or self-employed individual can satisfy an outstanding tax liability.

42. The amount of the Life Insurance Payment was enough to pay the claims of the IRS against the Estate.

43. As the personal representative of the Estate, Mrs. Laurich controlled LLF and had the ability to direct how the Life Insurance Payment was deposited and used.

44. Rather than depositing the full amount of the Life Insurance Payment within the Estate, on April 26, 2012, Mrs. Laurich transferred just $300,000 into the Estate bank account and $25,000 to LLF's operating account. Mrs. Laurich transferred the remaining $675,000 of the Life Insurance Payment to an external entity called Embon LLC ("Embon Transfer"). Mrs. Laurich was the single member owner of Embon.

45. Mrs. Laurich caused the Embon Transfer before filing the original Inventory and Appraisement with the probate court for the Estate.

46. Mrs. Laurich caused the Embon Transfer before satisfying the claims of creditors of the Estate, including the IRS.

47. After the Embon Transfer, the were insufficient funds remaining within the Estate to pay the claims of creditors, including the IRS.

48. On September 30, 2012, Mrs. Laurich transferred $619,974 from Embon LLC to LD Holdings, Inc. Mrs. Laurich was the president of LD Holdings at the time of the transfer.

49. On June 19, 2013, Mrs. Laurich transferred $319,000 into the Estate bank account from LD Holdings, but she failed to return the full amount she dispersed from the Estate in the Embon Transfer.

50. On November 13, 2018, Mrs. Laurich paid $312,632.25 to the IRS from Estate funds. That represented the funds remaining in the Estate bank account following the payment of priority administrative expenses. The IRS applied these funds to the Decedent's tax debts, but the amount was insufficient to satisfy the IRS's claim.

51.     To date, the IRS's claims against the Estate for the Decedent's federal tax liabilities have not been paid in full.

52.     Mrs. Laurich is individually liable to the United States for the Decedent's unpaid federal tax liabilities under 31 U.S.C. § 3713.

### COUNT IV – Fiduciary Liability Under S.C. Code Ann. §§ 62-3-712

53.     The United States incorporates by reference the allegations set forth in Paragraphs 1 through 28 above.

54.     Under S.C. Code Ann. § 62-3-712, the personal representative of an estate is liable for breach of fiduciary duty if the plaintiff shows (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately resulting from the wrongful conduct of the defendant.

55.     As personal representative of the Estate, Mrs. Laurich had a fiduciary duty to hold and manage the property of the Estate in trust for the benefit of creditors and others interested in the Estate. S.C. Code Ann. § 62-3-711.

56.     As set forth in Count III, Mrs. Laurich, in her capacity as personal representative of the Estate, breached her fiduciary duty to the Estate by transferring Estate funds without first paying the federal tax debts owed by the Decedent.

57.     The United States has been harmed as a result of the transfer because the Estate now has insufficient funds to pay the United States' claim Decedent's unpaid federal taxes.

58.     Mrs. Laurich is individually liable to the United States for the damages resulting from her breach of fiduciary duty, including the entire amount of Decedent's unpaid federal taxes.

### REQUESTED RELIEF

**WHEREFORE**, Plaintiff, United States of America, respectfully prays for the following:

A. That the Court enter judgment with respect to Count I against Debra Laurich, as personal representative of the Estate of Eugene Laurich, and in favor of the United States in the total amount of $134,432.83 for the Decedent's unpaid federal income tax liabilities for 2007 and 2008 as of December 16, 2022, plus interest and statutory additions accruing thereafter;

B. That the Court enter judgment with respect to Count II against Debra Laurich, as personal representative of the Estate of Eugene Laurich, and in favor of the United States in the total amount of $246,223.68 for the Decedent's unpaid TFRPs owed for quarters ending 12/31/2007, 12/31/2008, 03/31/2009, 06/30/2009, 09/30/2009, 12/31/2009, and 03/31/2010 as of December 16, 2022, plus interest and statutory additions accruing thereafter;

C. That the Court enter judgment with respect to Count III against Debra Laurich individually and in favor of the United States in the total amount of $380,656.51, plus interest and statutory additions accruing thereafter, for her liability as a fiduciary of the Estate under 31 U.S.C. § 37013(b);

D. That the Court enter judgment with respect to Count IV against Debra Laurich individually and in favor of the United States in the total amount of $380,656.51, plus interest and statutory additions accruing thereafter, for her liability as a fiduciary of the Estate under S.C. Code Ann. § 62-3-712; and

E. That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: February 7, 2023                                   Respectfully submitted,

                                                          DAVID A. HUBBERT
                                                          Deputy Assistant Attorney General

By:   /s/ Daniel B. Causey, IV
Daniel B. Causey, IV
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-1427 (v)
202-514-4963 (f)
Daniel.B.Causey@usdoj.gov
*(Lead Attorney; to Receive ECF Notifications)*

Of Counsel:

ADAIR FORD BOROUGHS
United States Attorney
District of South Carolina
*(\*Not to Receive ECF Notifications)*